```
87V3KHAP                    Plea
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/08

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   UNITED STATES OF AMERICA,
 4              v.                            07 CR 711 (LAP)
 5   NADEEM KHAN,
 6              Defendant.
 7   ------------------------------x
 8                                       New York, N.Y.
                                         July 31, 2008
 9                                       10:30 a.m.
10
     Before:
11
                     HON. THEODORE H. KATZ,
12
                                         Magistrate Judge
13
14                         APPEARANCES
15   MICHAEL J. GARCIA
          United States Attorney for the
16        Southern District of New York
     LISA ZORNBERG
17        Assistant United States Attorney
18   LARRY SHEEHAN
          Attorney for Defendant
19
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

```
                                                              2
     87V3KHAP                      Plea
```

1           (In open court)
2           THE DEPUTY CLERK:  United States v. Khan.  Counsel,
3   identify yourself for the record.
4           MS. ZORNBERG:  Good morning, your Honor.  Lisa
5   Zornberg and Meryl Lutsky for the government.
6           MR. SHEEHAN:  Larry Sheehan for Mr. Khan.
7           THE COURT:  Hi.  How are you.  This matter was
8   referred by Judge Preska.  And Mr. Khan is here to enter a plea
9   of guilty.
10          MR. SHEEHAN:  He is, your Honor.
11          THE COURT:  Mr. Khan, count one in the indictment in
12  your case charges you with conspiring to commit identification
13  document fraud in violation of Title 18 of the United States
14  Code, Section 1028(f).
15          That offense carries a maximum sentence of 15 years in
16  prison, a maximum term of three years on supervised release, a
17  maximum fine of $250,000 or twice the monetary gain or loss
18  resulting from the offense, whichever is greater, and a
19  mandatory special assessment of $100.  You would also be
20  subject to an order of restitution.  And if you are sentenced
21  to time on supervised release, and were to violate the terms of
22  your supervised release, you could then be sentenced to
23  additional time in prison.
24          You have the right to plead not guilty to this charge.
25  And if you do so, you have the right to a jury trial.  If

1  convicted, you have the right to be sentenced by a United
2  States district judge.  If you choose to, however, you can
3  enter a plea of guilty to the charge, and if you consent, you
4  can enter your plea before me.  I am a United States magistrate
5  judge.  If I were to determine that your plea was entered
6  knowingly and voluntarily and that there is a factual basis for
7  your plea, I would then recommend to Judge Preska that she
8  accept your plea of guilty.  And if she does so, your
9  sentencing would take place before her.
10         Do you understand what I've just explained?
11         THE DEFENDANT:  Yes, sir, I understand.
12         THE COURT:  Have you read and signed this form
13  consenting to enter your plea before a United States magistrate
14  judge?
15         THE DEFENDANT:  Yes, sir.
16         THE COURT:  I've accepted the consent.
17         Mr. Khan, before I can accept your plea, I have to
18  give you some information and ask you certain questions so I
19  can be assured that you understand the rights you are giving up
20  by pleading guilty, and that your plea is entered voluntarily
21  and of your own will, and there is a factual basis for your
22  plea.  The answers to my questions are to be given under oath.
23  That means you could be prosecuted for perjury if you give
24  false statements.  Do you understand that?
25         THE DEFENDANT:  Yes.

87V3KHAP                    Plea

1           THE COURT:  Would you raise your right hand.
2           (Defendant sworn)
3           THE COURT:  Would you state your full name.
4           THE DEFENDANT:  My name is Nadeem Khan.
5           THE COURT:  How old are you?
6           THE DEFENDANT:  I'm 24.
7           THE COURT:  How much education have you had?
8           THE DEFENDANT:  I got bachelor in my country, and
9   certification from Microsoft MCSE and MCSD.
10          THE COURT:  Sit down and get a little closer to the
11  microphone.  You can sit if you get closer to the mic.
12          Are you presently under the care of a doctor or
13  psychiatrist?
14          THE DEFENDANT:  No, sir.
15          THE COURT:  Are you taking any kind of medication?
16          THE DEFENDANT:  No, sir.
17          THE COURT:  Have you ever been treated for alcoholism
18  or drug addiction?
19          THE DEFENDANT:  No, sir.
20          THE COURT:  Are you feeling physically all right as
21  you sit here today?
22          THE DEFENDANT:  Yes, sir.
23          THE COURT:  Have you been able to understand
24  everything I've said so far?
25          THE DEFENDANT:  Yes, sir.

```
                                                                    5
         87V3KHAP              Plea

 1              THE COURT:  Have you seen a copy of the indictment in
 2    your case?
 3              THE DEFENDANT:  Yes, sir.
 4              THE COURT:  Have you read it or would you like me to
 5    read it to you?
 6              THE DEFENDANT:  I read it already, sir.
 7              THE COURT:  Do you understand what it says you did?
 8              THE DEFENDANT:  Yes, sir, I completely understand.
 9              THE COURT:  Have you had a chance to discuss the
10    charges in the indictment with Mr. Sheehan and how you wish to
11    plead today?
12              THE DEFENDANT:  Yes, sir, I do.
13              THE COURT:  Are you satisfied with Mr. Sheehan's
14    services?
15              THE DEFENDANT:  Yes, sir, very well.
16              THE COURT:  Are you prepared to enter a plea to count
17    one in the indictment?
18              THE DEFENDANT:  Yes, sir.
19              THE COURT:  What plea do you wish to enter?
20              THE DEFENDANT:  Well, I place charged --
21              THE COURT:  Just guilty or not guilty?
22              THE DEFENDANT:  Yes, sir.  Guilty.
23              THE COURT:  Do you understand you have the right to
24    plead not guilty to this charge, and if you do so, you have the
25    right to a jury trial?
```

87V3KHAP                    Plea

1              THE DEFENDANT:  No, I want to plead guilty now.
2              THE COURT:  I understand what you want to do.  But as
3      I said to you, I have to make sure that you understand what
4      rights you are giving up by pleading guilty.  So, listen to my
5      questions and let me know your answer.
6              Do you know if you plead guilty you -- plead not
7      guilty you have the right to a jury trial?
8              THE DEFENDANT:  Yes, sir.
9              THE COURT:  Do you understand that if you chose to go
10     to trial, the burden would be on the government to prove your
11     guilt beyond a reasonable doubt?
12             THE DEFENDANT:  I understand that.
13             THE COURT:  Do you understand that if you chose to go
14     to trial, you would be presumed innocent unless and until the
15     government did prove your guilt beyond a reasonable doubt?
16             THE DEFENDANT:  I understand that too.
17             THE COURT:  Do you understand that if you chose to go
18     to trial, you would have the right to be represented by an
19     attorney, and if necessary, an attorney would be appointed to
20     represent you?
21             THE DEFENDANT:  I understand.
22             THE COURT:  Do you understand that at a trial your
23     attorney would have the right to cross-examine any witnesses
24     who were called to testify against you?
25             THE DEFENDANT:  I understand that.

```
87V3KHAP                    Plea
```

1          THE COURT:  Do you understand that at a trial you
2    would have the right to call witnesses to testify in your
3    behalf?
4          THE DEFENDANT:  I understand that too.
5          THE COURT:  Do you understand that at a trial you
6    would have the right to testify yourself, but you would not be
7    required to testify or to incriminate yourself in any fashion?
8          THE DEFENDANT:  I understand that too.
9          THE COURT:  Do you understand that if you plead guilty
10   to this charge today, there will be no trial, and the next
11   stage in this proceeding would be your sentencing by Judge
12   Preska?
13         THE DEFENDANT:  Yes, sir, I understand that too.
14         THE COURT:  Okay.  You heard me describe what the
15   maximum statutory penalties are for the offense in count one.
16         THE DEFENDANT:  Yes, sir.
17         THE COURT:  Have you had a chance to speak to
18   Mr. Sheehan about how the United States sentencing guidelines
19   apply to your case?
20         THE DEFENDANT:  Yes, sir.
21         THE COURT:  Do you understand that although Judge
22   Preska is obligated to consider the United States sentencing
23   guidelines in determining what a reasonable sentence would be
24   in your case, she's not obligated to actually sentence you
25   under the guidelines?

```
87V3KHAP                    Plea
```

                                                                    8

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that under certain

3    circumstances, Judge Preska has the discretion to impose a

4    sentence that is even more severe or more lenient than is

5    called for in the sentencing guidelines?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you understand that the sentence to be

8    imposed lies solely in Judge Preska's discretion?

9          THE DEFENDANT:  I understand.

10         THE COURT:  Have any threats been made to you by

11   anyone which are causing you to plead guilty today?

12         THE DEFENDANT:  No, sir.

13         THE COURT:  Have any promises been made to you about

14   the sentence you will receive?

15         THE DEFENDANT:  No, sir.

16         THE COURT:  Did you enter into a plea agreement with

17   the government?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Have you read and signed the agreement?

20         THE DEFENDANT:  Yes, sir.

21         THE COURT:  Do you understand what it says?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Ms. Zornberg, would you outline the more

24   significant terms of the agreement.

25         MS. ZORNBERG:  Certainly, your Honor.  The plea

87V3KHAP                        Plea

1  agreement provides that the defendant will plead guilty to
2  count one of the indictment. In return for his plea, the
3  government will agree at sentencing to dismiss all of the other
4  open counts against him.
5      The plea agreement also contains a sentencing
6  guidelines calculation, which is what the parties both agree at
7  this time are the applicable sentencing guidelines. Under
8  those guidelines, the defendant's sentencing range is 46 to 57
9  months, based on an offense level of 23 and a criminal history
10 category of I.
11     The plea agreement also contains an appellate waiver
12 provision where the defendant agrees to give up his right to
13 appeal any sentence that is within or below the stipulated
14 guidelines range. He also waives the right to DNA testing.
15     Your Honor, I believe those are the most salient
16 provisions of the plea agreement.
17     THE COURT: Is that consistent with your
18 understanding, Mr. Sheehan?
19     MR. SHEEHAN: It is.
20     THE COURT: You understand the agreement?
21     THE DEFENDANT: I do.
22     THE COURT: Do you understand that although you've
23 reached an understanding with the government about the
24 potential sentence you face, 46 to 57 months in prison, that
25 that's not binding on Judge Preska, and that the sentence to be

87V3KHAP                    Plea

1  imposed lies solely in her discretion?
2          THE DEFENDANT:  Yes, sir.
3          THE COURT:  Do you understand that even if Judge
4  Preska were to impose a sentence that's greater than 57 months
5  in prison, that would not be a basis for you to withdraw your
6  plea of guilty?
7          THE DEFENDANT:  Yes, I understand that.
8          THE COURT:  Do you understand that so long as Judge
9  Preska does not impose a sentence that is greater than 57
10 months in prison, you're giving up your right to appeal such
11 sentence?
12         THE DEFENDANT:  Yes, sir, I understand.
13         THE COURT:  Do you still wish to plead guilty to count
14 one in the indictment?
15         THE DEFENDANT:  Yes, sir.
16         THE COURT:  Is your plea made voluntarily and of your
17 own will?
18         THE DEFENDANT:  Can I talk --
19         (Pause)
20         THE DEFENDANT:  No, sir.  It's voluntary.
21         THE COURT:  Are you giving a guilty plea voluntarily
22 and of your own will?
23         THE DEFENDANT:  Yes, sir.
24         THE COURT:  Did you commit the offense set forth in
25 count one of the indictment?

```
87V3KHAP                    Plea
```

1          THE DEFENDANT: Yes, sir.

2          THE COURT: Ms. Zornberg, will you outline the

3   elements of the offense that the government would have to prove

4   should Mr. Khan go to trial with respect to count one.

5          MS. ZORNBERG: Yes. Your Honor, the defendant is

6   charged with conspiracy to commit identification document fraud

7   under 18 U.S.C. Section 1028(f).

8          Under that statutory provision, the government would

9   have to prove at trial: First, that the defendant was a party

10  to a conspiracy of two or more persons to commit an offense

11  under Title 1028, and secondly, that an act in furtherance of

12  that conspiracy occurred somewhere in the Southern District of

13  New York.

14         The particular count, one, charges that the objects of

15  the conspiracy at issue were to violate two subsections of

16  Title 1028. First, the producing of false identification

17  documents in violation of 1028(a)(1), and second, the

18  transferring, possession and use of false means of

19  identification to commit, aid or abet the other crimes in

20  violation of 1028(a)(7).

21         And your Honor, I'll just briefly review what the

22  underlying elements of those objects are. Producing a false

23  identification document involves the following elements: That

24  a document is a false identification document, that the

25  defendant produced it, that the defendant produced it knowingly

87V3KHAP                          Plea

1    and without lawful authority, and fourth, that the defendant's
2    conduct was either affecting interstate commerce or that the
3    false ID was transported in the U.S. mails or that the false ID
4    appeared to be issued under the authority of the U.S.
5    government.
6         And the underlying elements of the second object of
7    the conspiracy, which is transferring a false identification
8    with intent to commit another crime, are the following:  One,
9    that the item is the means of identification of another person,
10   second, that it was used or transferred or possessed by the
11   defendant, third, that the defendant acted knowingly and
12   without lawful authority, fourth, intent to commit an unlawful
13   activity that violates federal or state law, and fifth, that
14   the defendant's conduct was in or affecting interstate
15   commerce.
16        Your Honor, the count one -- I think that's it for the
17   conspiracy.
18        THE COURT:  Okay.  Mr. Khan, can you now tell me in
19   your own words what you did that's causing you to plead guilty
20   to the charge in count one.
21        THE DEFENDANT:  Well, on 2nd June, 2007, well, I made
22   two IDs and New York driver's licenses to give it to Mamoud,
23   and I knew it going to be affected to financial institute to
24   $400,000.  So that's it.
25        THE COURT:  Between January of 2005 and January of --

```
87V3KHAP                    Plea
```

1   or August of 2007, you agreed with other people to create false
2   documents?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  And then those documents then were given
5   to someone?
6           THE DEFENDANT:  Yes, sir.  Mamoud.
7           THE COURT:  Was -- and the documents were then used,
8   was that to take out bank loans?
9           THE DEFENDANT:  No.  It was out of the New York State,
10  another state.
11          THE COURT:  I am not sure.  Say that again.
12          THE DEFENDANT:  No.  The documents IDs is from the
13  State of New York for a different state.
14          THE COURT:  So false identification documents?
15          THE DEFENDANT:  Yes, sir.
16          THE COURT:  And --
17          MS. ZORNBERG:  Your Honor, perhaps you could ask the
18  defendant if he knew that the false identification documents
19  were going to be used to do things like obtain credit cards and
20  fake names and conduct financial transactions.
21          THE COURT:  Did you know the cards would then be used
22  to obtain loans and conduct financial transactions?
23          THE DEFENDANT:  Yes, sir.
24          THE COURT:  Did the documents that you created, false
25  documents, include things such as driver's licenses?

1           THE DEFENDANT:  Yes, sir.
2           THE COURT:  Were any Social Security cards?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  Anything else you'd like me to ask?
5           MS. ZORNBERG:  Your Honor, just one question.  Well,
6   first of all, the government would proffer that as to venue,
7   that we would show that the defendant's conduct took place as
8   part of a larger ring, and numerous acts by the ring occurred
9   in the Southern District of New York.
10          In terms of questioning the defendant, I would ask the
11  Court just to advise the defendant that since he's not a
12  citizen, that his plea may or will have effect.
13          THE COURT:  What country are you a citizen?
14          THE DEFENDANT:  I'm from Pakistan.
15          THE COURT:  Do you understand by pleading guilty, in
16  addition to any sentence you will receive by the Court, once
17  you finish your sentence there will be immigration
18  consequences?
19          THE DEFENDANT:  Yes, I understand.
20          THE COURT:  Are you still willing to plead guilty
21  knowing that?
22          THE DEFENDANT:  Yes, sir.
23          MS. ZORNBERG:  We think that's sufficient.
24          THE COURT:  Ms. Zornberg, do you know of any reason
25  why Mr. Khan should not plead guilty?

```
87V3KHAP                        Plea
```

1      MS. ZORNBERG: No, we do not.

2      THE COURT: Do you, Mr. Sheehan?

3      MR. SHEEHAN: I do not, your Honor.

4      THE COURT: I am satisfied that Mr. Khan is competent
5 to enter a plea of guilty. I am satisfied that Mr. Khan
6 understands the nature of the charge against him and the
7 consequences of his plea of guilty. I'm satisfied that your
8 plea is made voluntarily and of your own will and that there is
9 a factual basis for your plea.

10     I am going to therefore recommend to Judge Preska that
11 she accept your plea of guilty to count one in the indictment.

12     Has Judge Preska set a sentencing date?

13     MS. ZORNBERG: She has not, your Honor. We would
14 request a control date three months out, and the parties will
15 get an exact date from the judge.

16     THE COURT: That would be October 30. And you'll make
17 sure you get the memo to pretrial, probation.

18     Between now and when you are sentenced, Mr. Khan, you
19 are going to meet with the staff of the probation department so
20 they can prepare a presentence report for Judge Preska.
21 Mr. Sheehan has the right to be present at the interview and
22 you'll receive a copy of that report as well.

23     Anything else?

24     MS. ZORNBERG: No, your Honor.

25     MR. SHEEHAN: Thank you.

*Handwritten annotation:* The plea is accepted
SO ORDERED
*[signature]*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
September 11, 2008

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300